**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **N.L.**, *et al.*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>**DISTRICT OF COLUMBIA**,<br><br>                    Defendant. | Case No. 24-cv-3165 (CRC)(ZMF) |

### <u>Opinion Adopting the Magistrate Judge's Report & Recommendation</u>

Having fully considered the Magistrate Judge's January 23, 2026, Report and Recommendation (ECF No. 26) ("R&R"), Plaintiffs' Objections (ECF No. 27), and the District of Columbia's Response (ECF No. 28), as well as relevant portions of the administrative record, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation in full and will by separate order grant summary judgment for the District and deny summary judgment to Plaintiffs.  The Court briefly addresses Plaintiffs' main objections.

Before doing so, the Court will hazard a quick discussion about the proper standard of review to apply to the Report & Recommendation in light of Plaintiffs' objections.  Federal Rule of Civil Procedure 72(b)(3) states that "[t]he district judge must determine de novo any part of [a] magistrate judge's disposition that has been properly objected to."  The District of Columbia argues that the applicable standard of review for the Court to apply to the Report & Recommendation is "clear error," rather than *de novo*, because Plaintiffs' objections "merely rehash an argument presented and considered by the magistrate judge" and therefore are not "proper[] object[ions]" under Rule 72.  Def.'s Resp. to Pls.' Objections at 3–4 (quoting <u>Shurtleff v. EPA</u>, 991 F. Supp. 2d 1, 8 (D.D.C. 2013)).  The D.C. Circuit has not determined whether the renewal of arguments that were made before the magistrate judge are "proper[] object[ions]."

See Baylor v. Mitchell Rubenstein & Assocs., P.C., 857 F.3d 939, 945–47 (D.C. Cir. 2017) (discussing the standard without determining what rises to the level of proper).  At least one circuit, though, has squarely rejected the District's position here.  See Elijah v. Dunbar, 66 F.4th 454, 460, 460 n.3 (4th Cir. 2023) ("Aside from needlessly curtailing litigants' access to an Article III judge, such a requirement could leave litigants with no available arguments, as district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation.").  While the Court tends to agree with the Fourth Circuit's reasoning, it need not resolve the question here because it will adopt the Report & Recommendation even under the more stringent *de novo* standard of review.

Turning now to the objections, Plaintiffs first argue that that the Magistrate Judge (and the hearing officer) incorrectly concluded that that the mastery of individualized education plan (IEP) goals is not evidence of N.L.'s progress and overstated the value of her incomplete grades.  See Pls.' Objections at 4.  The Court, however, defers "to the hearing officer's determination of the weight to give the evidence."  Edward M.R. v. District of Columbia, 660 F. Supp. 3d 82, 155 (D.D.C. 2023), aff'd, 128 F.4th 290 (D.C. Cir. 2025).  And the hearing officer clearly explained his rationale for weighing N.L.'s incomplete grades more than the IEP progress reports:  He had little objective evidence such as standardized tests available to him, but he trusted N.L.'s grades (or lack thereof) more than the IEP reports because those reports were more subjective than grades were.  Administrative Rec. ("AR") at 21–22; R. & R. at 13–14.  That is a sufficient explanation, particularly given the general lack of information available to the hearing officer and the absence of testimony offered by the Plaintiffs from a school official who could have shed further light on N.L.'s growth.  AR at 21.

Second, the Court concurs with the magistrate judge that the hearing officer's rejection of Dr. Solomon's testimony was permissible.  A hearing officer's witness credibility determinations are owed meaningful deference absent other evidence that justifies otherwise.  See McAllister v. District of Columbia, 45 F. Supp. 3d 72, 76–77 (D.D.C. 2014) (collecting cases).  The Court therefore will not quibble with the hearing officer's decision to give Dr. Solomon's views little weight.  That deference is particularly warranted in situations like this "where evidence of educational appropriateness is mixed," and the "court bases its ruling on the same record as was considered by the hearing officer."  Edward M.R., 660 F. Supp. 3d at 155 (cleaned up) (quoting Moradnejad v. District of Columbia, 177 F. Supp. 3d 260, 278 (D.D.C. 2016)).

Third, and relatedly, Plaintiffs' objection that the hearing officer was biased falls short, as the magistrate judge correctly explains.  See Pls.' Objections at 9–10.  The hearing officer's one stray comment about his views on party-paid experts in a different IEP case does not come close to "display[ing] deep-seated and unequivocal antagonism that would render fair judgment impossible" and thus does not warrant setting aside his findings.  R. & R. at 11 (quoting Keith v. Barnhart, 473 F. 3d, 782 788 (7th Cir. 2007) (cleaned up)).

Finally, the magistrate judge and the hearing officer applied the correct legal standard, despite Plaintiffs' objections to the contrary.  See Pls.' Objections at 11.  An IEP under the Individuals with Disabilities Education Act ("IDEA") is proper if it is "reasonably calculated to enable the child to receive educational benefits."  Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 207 (1982).  That standard applies when parents make the school choice, just as when school systems do.  Leggett v. District of Columbia, 793 F.3d 59, 70 (D.C. Cir. 2015).  And the hearing officer clearly applied Leggett in his analysis.  AR at 19, 22; R. & R. at 12–13.

Plaintiffs nonetheless suggest that because the Harbour School was the only option available for N.L., the school satisfies <u>Leggett</u>'s standard.  Pls.' Objections at 11–12.  Further, they stress that private schools need not be "perfect" if they are the "best offered."  <u>Id.</u> at 11. (quoting <u>E.B. v. District of Columbia</u>, No. 24-cv-663 (DLF), 2025 WL 2878535, at *5 (D.D.C. Oct. 8, 2025)).  But neither of these arguments is sufficient to establish that the hearing officer misapplied the relevant law.  He did not reject the Harbour School as a placement because it was not perfect.  He did so because he found that its "program [was not] calculated to enable [N.L.] to receive educational benefits."  AR at 22; <u>cf. Anthony B. v. Colonial Sch. Dist.</u>, No 22-1640, 2023 WL 5227108, at *1 (3rd Cir. July 26, 2023) (rejecting a private school placement that was found not to satisfy the statute).  Likewise, simply because the parents deemed Harbour the only option available does not mean that it satisfied the IDEA's definition of a proper IEP.  The Court declines to "substitute its own notions of sound educational policy for those of the school authorities."  <u>Turner v. District of Columbia</u>, 952 F. Supp. 2d 31, 35–36 (D.D.C. 2013) (citation omitted).

The Court also finds no clear error in the parts of the Report & Recommendation to which Plaintiffs did not object.

Accordingly, the District of Columbia is entitled to summary judgment.  A separate order accompanies this opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  <u>March 17, 2026</u>